UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH E. LOVRINIC | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| LAW OFFICES OF | ) | JURY TRIAL DEMANDED |
| THOMAS LANDIS | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Joseph E. Lovrinic, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.      Plaintiff, Joseph E. Lovrinic, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District. Additionally, Plaintiff resides in this District.

## III.  PARTIES

4. Plaintiff, Joseph E. Lovrinic, is an adult natural person residing at 946 Longwoods Drive, Stroudsburg, PA 18360

5. Defendant, Law Offices of Thomas Landis ("Defendant"), at all times relevant hereto, is and was a law firm engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 4 Greenwood Square, 3325 Street Road, Suite 220, Bensalem, PA 19020.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. In or around mid June, 2009, Plaintiff began to receive telephone calls from Defendant in an attempt to collect an alleged debt owed to AmeriCredit from a vehicle that was repossessed around ten (10) years ago.

8. Defendant, by and through its agents, called Plaintiff and said that he owed $7,332.95 on said vehicle, only informing him that they were a law firm and never revealing that they were debt collectors.

9. Defendant's agent George Thorpe asked personal questions in regards to Plaintiff's wife's financial situation. Plaintiff explained that she had acquired property and land prior to their marriage. Agent told Mr. Lovrinic that if debt was not paid in full that he would put a lien against wife's said property and land, telling him that's the way it is in Pennsylvania; because it's a Commonwealth whatever she owns would be affected by his debt.

10. Plaintiff became worried that his wife would lose her property, asked if he could make payment arrangements? Mr. Thorp continued to tell Plaintiff that he had to "speak with their attorney"; after putting Mr. Lovrinic on hold, agent returned and told him that if he paid $3,666.48 they wouldn't go any further with the lien.

11. Plaintiff paid with credit card, signed an authorization form supplied by Defendant's office in fear of losing his wife's property. See letter attached hereto as Exhibit "A".

12. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

13. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

14.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

15.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

16.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

17.     The above paragraphs are hereby incorporated herein by reference.

18.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(3), c(a)(1), c(a)(3), c(b), c(c), d, d(5), d(6), e, e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Client Services, Inc., for the following:

a.  Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b.  Actual damages;

c.  Statutory damages pursuant to 15 U.S.C. § 1692k;

d.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

20. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

21. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

22. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

23. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

24. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

25. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

26. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

27. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 <u>et seq.</u>

28. The foregoing paragraphs are incorporated herein by reference.

29. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

30. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

31. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

   a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

32. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

33. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

   d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

            **Respectfully submitted,**

            **WARREN & VULLINGS, LLP**

**Date: July 9, 2009**   **BY:**   */s/ Bruce K. Warren*
            Bruce K. Warren, Esquire
            Warren & Vullings, LLP
            1603 Rhawn Street
            Philadelphia, PA  19111
            215-745-9800   Fax 215-745-7880
            Attorney for Plaintiff